CLARA HEWISON, ADMINISTRATRIX, *vs.* CITY OF NEW HAVEN.

A city which has assumed, or on which is imposed, a public governmental duty, is not liable for the non-performance or negligent performance of such duty.
And it makes no difference that the duty is imposed by a special charter which the city has accepted.
The distinction is between a public governmental duty and a private duty.
In the case of *Jones* v. *City of New Haven,* 34 Conn., 1, where the city was held liable for an injury caused by the falling of a decayed limb from a tree in a public park, under a charter accepted by the city which gave it the exclusive control of the public parks, the duty to keep them in safe condition for the public use was a strictly private duty.
A nuisance upon a highway endangering public travel is a public nuisance, and the duty to remove it, whether imposed or assumed, is a public governmental duty.
The distinction between the two classes of duties is broad and clear, and it is essential to justice that it should be preserved and regarded.

TRESPASS on the case, for an injury to the plaintiff's intestate, resulting in his death, by the neglect of the defendants to remove a nuisance in the public highway; brought to the Superior Court in Fairfield County. The declaration contained three counts, the second of which was as follows:

And the plaintiff as such administratrix further declares and says, that the defendants are a body corporate duly incorported by the laws of this state, and had been duly incorporated and had legally accepted their charter of incorporation and the sundry amendments thereto legally enacted under the laws of this state, long before the commission of the grievances in this count mentioned, and at the time thereof; that in and by said charter and said amendments it was and is provided that the defendants may through their common council make such by-laws as they may see fit to make in relation to the public squares, streets, highways and walks in said city; and that the defendants by their said court of common council and their board of road commissioners should have sole and exclusive authority and control over all streets and highways and all parts of streets and highways existing within the limits of said city; and that the defendants, in pursuance and exercise of the said power, privilege and franchise so conferred upon them, at the time of and long before the commission of the grievances in this count hereinafter mentioned, undertook and assumed upon themselves the sole and exclusive authority and control over all said streets and highways within the limits of said city, and agreed that they would exercise said authority and control with due and proper care, and would keep said streets and highways free from all nuisances that might obstruct, hinder or endanger any person or persons lawfully traveling or passing thereon, and did, in fact, enter upon said task of exercising said sole and exclusive authority and control over all said highways and streets, and did pretend to keep the same free from all nuisances that might obstruct, hinder or endanger any person or persons lawfully traveling or passing thereon. And the plaintiff avers that by reason of the facts in this count hereinbefore set forth, it became and was the duty of the defendants to take due care to keep all said streets and highways free from all nuisances that might obstruct, hinder or endanger any person or persons lawfully traveling or passing in and over said highways and streets, and especially to remove any object or thing suspended over

any of said highways or streets which might endanger any person traveling or passing thereon lawfully, and to keep and preserve said highways or streets free at all times from any such object or thing. Yet the plaintiff says that the defendants, their said duty in this behalf not regarding, so grossly and wrongfully neglected to perform the same that afterwards, to wit, on the first day of November, 1864, a certain large piece of cloth was suspended perpendicularly in, upon and over a certain street and highway in said city, known as Chapel street, and running through said city, at a place in said street near the intersection of said Chapel street with Church street, so called, and attached to buildings on each side of said street, by persons unknown to the plaintiff, with certain heavy iron weights fastened to said last mentioned piece of cloth in such manner and so insecurely that the said weights were liable to fall, or by force of the wind operating on said piece of cloth to be projected with great force upon and against persons traveling or passing on and along said Chapel street, which said last mentioned piece of cloth and said weights last aforesaid constituted then and there a nuisance which endangered, hindered and obstructed any person or persons lawfully passing or traveling on said Chapel street, and which nuisance it was then and there the duty of the defendants to remove, and keep said Chapel street free from, by reason of the facts in this count stated. And the plaintiff says that on the day and year last aforesaid, said James Hewison was traveling on said Chapel street, as he lawfully might, at or near that portion of the same upon and over which said last mentioned piece of cloth and said last mentioned weights were suspended as aforesaid, and then and there one of said last mentioned iron weights so fastened to said last mentioned piece of cloth as aforesaid, was by force of the wind, and by reason of being so insecurely fastened as aforesaid, thrown and projected against said James Hewison, striking him on his head and breaking his skull, whereby the said James was subjected to great pain and suffering, and in consequence whereof he afterwards, to wit, on the day and year last aforesaid, died; and all by reason of the gross carelessness

and negligence of the defendants in not removing said last mentioned piece of cloth and weights from said Chapel street, or in some way securing the same from doing mischief. Whereby, and by reason of the facts and allegations herein-before in this count contained, and by force of the statute in such case made and provided, the defendants became liable to pay to the plaintiff as administratrix as aforesaid the dam-ages which the said James Hewison sustained as last afore-said, which she says are ten thousand dollars, for the recovery of which damages an action has accrued to the plaintiff as administratrix as aforesaid, the defendants never having paid the same nor any part thereof, though often requested and demanded.

The first count averred the authority of the city under its charter to make by-laws relative to the public streets, that it did make a by-law by which any obstruction upon or over any street by which travel should be obstructed or rendered in-convenient should be a nuisance, and that the city thereby assumed the duty of removing such nuisances, and alleged a negligent omission to perform the duty, from which neglect the injury to the plaintiff's intestate resulted. The third count contained no additional averment of special importance.

The defendants demurred to the declaration, and the ques-tions arising on the demurrer were reserved for the advice of this court.

*C. R. Ingersoll* and *Doolittle*, in support of the demurrer, cited *Hewison* v. *City of New Haven*, 34 Conn., 136, 139; *Hixon* v. *City of Lowell*, 13 Gray, 59; *Kingsbury* v. *Inhabit-ants of Dedham*, 13 Allen, 186; *Cook* v. *City of Charlestown*, 98 Mass., 80; *Chidsey* v. *Town of Canton*, 17 Conn., 475; *Stonington* v. *States*, 31 id., 213; *Brady* v. *City of Lowell*, 3 Cush., 123; Ang. & Ames on Corp., § 31; *Beardsley* v. *Smith*, 16 Conn., 368, 380; *East Hartford* v. *Hartford Bridge Co.*, 10 How., 511; *City of Detroit* v. *Blakeby*, 9 Am. Law Reg., N. S., 670; *Conrad* v. *Trustees of Ithica*, 16 N. York, 158; *Weet* v. *Trustees of Brockport*, id., 161; *Mayor &c. of New York* v. *Furze*, 3 Hill, 612; *Wilson* v. *Mayor &c. of*

*New York,* 1 Denio, 595; *Mills* v. *Mayor &c. of Brooklyn,* 32 N. York, 489; *Bailey* v. *Mayor &c. of New York,* 3 Hill, 538; *S. C.,* 2 Denio, 433; *Child* v. *City of Boston,* 4 Allen, 52; *Jones* v. *City of New Haven,* 34 Conn., 1; *Fowle* v. *Common Council of Alexandria,* 3 Peters, 409; *Levy* v. *Mayor &c. of New York,* 1 Sandf. S. C., 465.

*Sanford* and *M. W. Seymour,* contra.

1. All the facts stated in the declaration are admitted to be true, as well as sufficiently alleged, by the demurrer in this case, which is peculiar in form. In *Daniels* v. *Saybrook,* 34 Conn., 381, the court say, " The defendants in this case by demurring to the declaration defaulted as to the facts sufficiently alleged to constitute a cause of action, and thereby admitted them." The first question then is, does the declaration state a legal cause of action in either count? In the first count the averment is substantially, after stating the incorporation, " that the defendants contracted to use due diligence in superintending the streets, highways and sidewalks, and to prevent the putting up of any nuisances in, over or upon the same, whereby the traveling or passing thereon should be obstructed or rendered inconvenient, unsafe and dangerous and to remove the same &c." This is a legal averment of a fact. It stands admitted that the defendants did so contract. The only question then is, was the contract lawful? It possesses all the elements of a contract provided it is founded on a good consideration. In *Jones* v. *City of New Haven,* 34 Conn., 1, and the cases there cited to support the opinion, it is expressly decided that the franchise conferred on the city is a good consideration. It is averred, and therefore admitted, that the defendants carelessly neglected to perform that contract and therefore are liable. The city is liable as an individual would be under the same circumstances. *Jones* v. *City of New Haven,* 34· Conn., 14, and the authorities there cited. An individual is liable for any injury resulting from anything overhanging his premises, which he has carelessly permitted, or neglected to remove, and which has injured any one lawfully passing thereunder. In the second count it is stated

that the defendants had sole and exclusive authority and control over all streets in the city, and agreed that they would exercise the same with due care, and would keep the same free from all nuisances that might obstruct or endanger any persons lawfully traveling thereon, and that it was their duty to free the streets from all such nuisances. The third count is based on the duty assumed by the city to free the streets from all incumbrances and obstructions, and the failure of the city to perform that duty. It differs from the other counts in charging the city in respect to the easement of travel only. It charges the city as liable only for its neglect to keep the streets free from all obstructions in or upon the highway, which render inconvenient the traveling thereon.

2. But aside from all admissions made by a strict interpretation of the rules of law in regard to demurrers, let us look at the question presented by the charter of the city and the interpretation that has been put upon it by this court. First then, it is settled in *Jones* v. *City of New Haven*, supra, that the city by acceptance of its charter contracted for a good consideration to perform all the duties thereby imposed. The defendants are empowered to make such by-laws as they see fit, without any restrictions, in regard to public squares, streets and walks within the city. (City Charter, Ed. of 1865, p. 46.) And also in relation to the subject of nuisances. (City Charter, p. 12.) In pursuance of this authority they have passed a certain by-law defining what shall be considered a nuisance (City Charter, p. 103,) in respect to such streets and sidewalks, and providing a penalty for disobeying such by-law. The city is bound to remove a nuisance whether defined by a by-law or not, because they have power to make a by-law regulating it. "Anything which obstructs, hinders or endangers travel, is a nuisance." CARPENTER, J., in *Hewison* v. *City of New Haven*, 34 Conn., 140; Angell on Highways, § 225; *Hyde* v. *County of Middlesex*, 2 Gray, 264. This incumbrance over the highway was a nuisance, because it endangered travel and was within the terms of the by-law. Again, the defendants not only had the right to make such by-laws, but they had the *exclusive* authority and control over

all streets, highways and sidewalks. By their charter the defendants were invested with all the authority and control over and possession of such streets, which otherwise would belong to the town and landholder combined. The town had no authority, control or possession, except so far as it might be necessary to secure the easement of public travel. The landholder had every other right consistent with that easement. He might depasture, cultivate, or in any manner use his land, so long as he did not interfere with that easement. *Imlay* v. *Union Branch R. R. Co.*, 26 Conn., 249 ; *Neal* v. *Woodruff*, 28 id., 165 ; *Peck* v. *Smith*, 1 id., 103. The owner of land embraced within the limits of the highway would un-doubtedly be liable for any injury resulting to any party law-fully thereon, from anything suspended by him carelessly or negligently over the highway, irrespective of the question whether it did or did not interfere with the public travel. *House* v. *Metcalf*, 27 Conn., 631, 640 ; *Dimock* v. *Suffield*, 30 id., 129 ; Shearm. & Redf. on Negligence, § 404 ; *Barber* v. *Essex*, 27 Verm., 62 ; *Parnaby* v. *Lancaster Canal Co.*, 11 Adol. & El., 223 ; *Conrad* v. *Trustees of Ithica*, 16 N. York, 158.

BUTLER, C. J. These parties have been once before us in respect to the same transaction. 34 Conn. R., 140. In the former case the attempt was made to maintain an action for the injury, grounded on a breach of an imposed *statutory duty* to keep the highway in question free from defects. But we were satisfied that the suspended flag and weight which produced the injury did not constitute a defect in the highway within the meaning of the statute. The cause of action for the same injury alleged here is a breach of *contract duty*, which, it is alleged, grew out of the acceptance by the city of a charter from the state, by force of which it agreed to keep the highways from being rendered unsafe by *nuisances*, and that the suspension of the flag and weight over the way, from which the injury occurred, constituted a nuisance.

The declaration alleges in the first count, as the foundation of the duty, that authority was given the city, in the charter

and amendments, to make by-laws relative to the public squares, streets, highways and walks of the city, and nuisances therein; that they did make a by-law, making *an incumbrance or obstruction* in, over or upon any highway, street or sidewalk, whereby traveling should be *obstructed* or *rendered inconvenient*, a nuisance, and thereby assumed the duty of preventing and removing such nuisances:

And in the second count, in substance, that the city assumed exclusive control of the streets under the provisions of their charter, and *agreed* that they would exercise such control with proper care, and keep the streets free from nuisances that might obstruct, hinder or *endanger* travelers thereon; and

In the third count, that it became, on the facts recited in the other counts, the duty of the city to have and exercise control of the streets and prevent the existence of nuisances:

Alleging as to all, a negligent omission to perform the duty assumed or agreed to be performed.

It will be perceived that the second count is the only one which charges that they contracted to prevent nuisances in, on, or over the streets &c., which would *endanger* travelers.

It is very doubtful whether that count alleges a contract to prevent such a nuisance as the flag and weight are claimed to be, but that question is an immaterial one, and we do not care to discuss it. If the effect of the charter and by-laws were such as to constitute the flag and weight a nuisance to a highway, it was a public nuisance, and the duty to remove it, whether imposed or assumed, was a public, governmental duty. The protection of the citizen from public nuisances, whether endangering health or public travel, has ever been considered in the law, and in the legislation of this state, such a duty.

This brings us to the real question in the case, and that is, whether the law is, or ought to be so in this state that the acceptance of a special charter by a city or borough, authorizing the corporation to perform a strictly governmental duty, creates a contract between the corporation and the state that it shall be performed, and makes the city or borough liable

for an omission to perform, or a negligent performance of it, constituting an exception to the general doctrine that for the non-performance or negligent performance of a public, governmental duty, such a corporation is not liable.

This action is evidently brought under an impression derived from the case of *Jones* v. *City of New Haven*, (34 Conn., 1,) that the court were prepared to hold the affirmative of the question, but it is a mistaken impression. If that case had turned on the question presented here the decision would have been the other way. It in fact turned on a very different question, and stands on other and impregnable ground.

In that case the duty which the city had contracted with the state to perform, was a strictly private duty. The city asked of the General Assembly, and received, power to control the trees of the city, standing on its streets and squares, and assumed the entire and exclusive control of them. The owners of trees standing on the highway are liable at common law for injuries occurring in consequence of their neglect to trim them and keep them safe, and the city assuming exclusive control and forbidding the owners to cut, and therefore to trim them, assumed the duty and liability which would otherwise have rested on the owners. It was a private duty so far as the city owned the trees, and equally a private duty if they assumed it in exclusion of the owners. And being a private duty and unperformed they were undoubtedly liable for the injury which resulted from their neglect. In respect to the law applicable to the case, if the construction of the charter and by-laws by the majority of the court had been deemed correct by all, there would have been no division in the court. The case did not call for the application of the doctrine of contract to a public, governmental duty, nor is there any intentional intimation in it that we should ever override the doctrine of public immunity and apply it. Cases where the courts had gone to that length were cited in stating the general current of authority on the subject, but without adopting or intending to adopt that principle. The claim of the plaintiff is not supported by that or any other decision in this state.

Since *Jones* v. *City of New Haven* was decided the subject has been thoroughly discussed in other courts of this country, and in this court, and very ably by Judge Redfield in the Law Register, and if we had ever been disposed to carry the doctrine of implied contract between the state and city so far as to embrace a governmental duty, we should not now be so inclined. The distinction between the duties is broad and clear, and it is essential to justice that it should be preserved and regarded.

The Superior Court must be advised that the declaration is insufficient.

In this opinion the other judges concurred.