THOMAS DYER *vs.* THE CITY AND TOWN OF DANBURY.

Third Judicial District, Bridgeport, October Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

The liability of a municipality for injuries caused by a defective highway (General Statutes, § 2020) does not embrace injury to a traveler on the highway caused by the fall of a limb of a dead tree overhanging the street. Such limb may be a public nuisance by reason of its likelihood to fall upon highway travelers, but the duty of the municipality to remove it is a public, governmental duty, for the neglect of which it is not liable unless made so by statute.

The mere acceptance by a city of a charter imposing governmental duties does not create a liability upon its part for negligence in their performance or nonperformance. But where some special power or privilege is granted to it at its request for the benefit and advantage of its own citizens, or where some special duty, apart from those required of it under the general law, is imposed upon it with its consent, the obligations thus incurred are in a sense private, and for negligence in their performance or nonperformance the city is

Dyer *v.* Danbury.

liable, although there be no statutory provision imposing such liability.

In the present case the plaintiff, who sued both the town and city, alleged that while walking along the sidewalk he was struck and injured by the fall of a limb of a dead tree which stood within the highway and overhung the walk; but the complaint contained no allegation of a duty on the part of the city to care for the trees, nor any averment to the effect that it had undertaken or assumed their care and control, but on the contrary averred that the town tree-warden had assumed exclusive care and control of all the trees in the streets. *Held* that so far as the city was concerned the demurrer to the complaint was properly sustained.

Its charter permitted the city to regulate the planting and removal of trees in the public streets and parks, and to provide for their protection, care and preservation; and an ordinance of the city prohibited the cutting down of trees standing in the highway, and the planting of trees between the curb and sidewalk, without a permit from a city official. *Held* that the city, by the passage of this ordinance, had attempted merely to regulate the planting and removal of trees in the city highways, and not to provide for their protection, care and preservation; that the latter duty, under the allegations of the complaint, rested solely upon and had been assumed by the town tree-warden, who might lawfully have removed the dead branch which overhung the walk and caused the plaintiff's injury.

The case of *Jones* v. *New Haven*, 34 Conn. 1, distinguished.

Argued October 31st—decided December 19th, 1911.

ACTION against the town and the city of Danbury to recover damages for personal injuries caused by the fall of a limb of a tree in and extending over the highway, brought to the Superior Court in Fairfield County where successive demurrers to the original and amended complaint were sustained (*Gager* and *Reed, Js.*) and judgment rendered for each of the defendants, from which the plaintiff appealed. *No error.*

*Charles W. Murphy*, for the appellant (plaintiff).

*J. Moss Ives* and *Thomas A. Keating*, for the appellee (defendant city of Danbury).

THAYER, J.   This action was brought against the

city and town of Danbury. A separate demurrer was filed by each of the defendants, and each demurrer was sustained. The correctness of the judgment in favor of the city, only, is questioned by this appeal.

According to the allegations of the complaint the plaintiff, while passing along the sidewalk, was hit upon the head and injured by a falling limb which had become "dislodged from" or was "broken off by the wind from" a dead tree which stood within the limits of the street and overhung the sidewalk. The street was a public highway of the city, and it was the duty of the city to keep it in repair and in a safe condition for public travel. The tree had existed in its dangerous condition for more than a year, and constituted a nuisance upon the highway. The city charter provides that the common council shall have power "to regulate the planting and removal and provide for the protection, care and preservation of trees in the public streets and parks." The common council has passed an ordinance which provides that "no person shall cut down any trees standing upon any street or highway in the city, nor set out any trees between the curb and sidewalk without a permit from the superintendent of public works," and that any person who shall violate these provisions shall pay a fine. The town of Danbury has elected a tree-warden and has assumed the exclusive control, care and protection of all the trees upon the streets in the town and city. These are the essential facts alleged in the complaint.

The overhanging limb did not constitute a defect in the highway. It did not obstruct travel thereon, and the city was not bound to remove it as a part of its duty "to build and repair" the highways within its limits. *Hewison* v. *New Haven*, 34 Conn. 136, 143, 144. The complaint, therefore, does not state a cause of action under § 2020 of the General Statutes, which

provides that any person injured by a defective road or bridge may recover damages from the party bound to keep it in repair.

If the overhanging limb, by reason of its liability to fall upon the traveled part of the highway, constituted a nuisance, as alleged, it ought to have been removed. If it endangered travel upon the highway it was a public nuisance and the city could and should have caused its removal. But this duty of the city was a public governmental one, for the neglect of which no liability at common law ensued to the city, and no statute imposes any. *Hewison* v. *New Haven,* 37 Conn. 475, 483. The complaint, therefore, states no cause of action arising from the city's failure to abate the nuisance.

For the nonperformance or misperformance of a merely governmental duty imposed upon a city or town, it is not liable in damages unless a right of action against it is given by statute. *Jones* v. *New Haven,* 34 Conn. 1, 13; *Greenwood* v. *Westport,* 63 Conn. 587, 591, 60 Fed. Rep. 560; *Platt Bros. & Co.* v. *Waterbury,* 72 Conn. 531, 549, 45 Atl. 154. The acceptance of a charter imposing such a duty upon a city does not create a contract between it and the State rendering the former liable in damages at common law for a neglect to perform, or a negligent performance of the duty. *Hewison* v. *New Haven,* 37 Conn. 475, 482. Where, however, some special power or privilege out of which grow public duties, primarily for the benefit of its own citizens, is granted to a municipality at its request, or where with its consent some special duty, not belonging to it under the general laws, is imposed upon it, the case is different. In such cases the municipality is in a sense performing a private duty, and although no liability for damages is imposed by statute for negligence in the performance of such duties, the municipality is nevertheless liable for it.

*Jones* v. *New Haven*, 34 Conn. 1, 14; *Hewison* v. *New Haven*, 37 Conn. 475, 483; *Hourigan* v. *Norwich*, 77 Conn. 358, 365, 59 Atl. 487.

In the *Jones* case above cited, as in the present case, a dead limb fell from a tree upon the plaintiff and caused the injury complained of. The declaration in that case alleged that the city charter provided that the defendants, through their common council, might make such by-laws as they saw fit, in relation to the cutting, breaking, or injury to trees and the protection and preservation of trees in the streets, highways, and public squares of the city; that by their common council they had passed a by-law, by which it was provided that no person should, without the approbation in writing of the mayor and alderman first obtained, cut, bruise, destroy, or aid in the cutting, bruising, or destroying, or injuring any tree which had been or should be planted, set out, or standing for shade, ornament, or use in any of the public streets or highways; that the defendants had assumed upon themselves the task of superintending, regulating, and putting in proper condition trees so situated, and had agreed that they would so superintend, regulate, and put in proper condition such trees; that it thereby became and was the duty of the defendants to take proper care of such trees, and to use due care and diligence in and about superintending and regulating them, and particularly to remove all dead, decayed, and broken limbs remaining upon said trees; and that the defendants neglected this duty, and through such negligence the plaintiff received her injury. In that case we held that the declaration stated a good cause of action, upon the ground that it therein appeared that the State had authorized the city as a special privilege to assume control of the "protection and preservation" of the trees, of which the pruning and removal of the dead limbs was a part, and that the

city had assumed the exclusive control of the trees, and the duty of protecting them, for the special benefit of its own inhabitants, and that the duty was a private, as distinguished from a governmental, one.  It is claimed that the allegations of the complaint now in question bring the present case within the principle upon which the *Jones* case was decided.

The complaint contains no allegation of a duty on the part of the city to care for the trees, and none that it had undertaken or assumed the care and control of them.  On the contrary, it is alleged that the tree-warden of the town of Danbury had assumed the exclusive control, care, and protection of all the trees upon the street.  General Statutes, § 4443, as amended by chapter 83 of the Public Acts of 1903, p. 54, and chapter 114 of the Public Acts of 1905, p. 325, provides for the election of such a tree-warden by the towns, and provides that such wardens shall have the care and control of all public shade trees in the town, except those in public parks and open places (and of these under certain circumstances), and that they shall enforce all provisions of law for the preservation of such trees, provided such provisions do not conflict with any city or borough ordinance.  This Act does not apply to towns which have within their limits a city whose boundaries are identical with those of the town.  The Act is applicable to Danbury, which is not such a town.  There is no conflict between this general law for the care and custody of the trees upon the highways, and the ordinances of the city of Danbury recited in the complaint.  The section of the charter quoted in the complaint gives to the city permission "to regulate the planting and removal, and provide for the protection, care and preservation of trees in the public streets and parks."  The ordinances provide only that no person shall cut down any tree standing in any street or high-

way, nor set out any trees between the curb and side-walk, without a permit from a city officer. Here is no attempt to provide for the protection, care and preservation of the trees. It is simply an attempt "to regulate the planting and removal" of trees in the city highways. After they are planted and while they remain upon the street, the care and control of them is, under the allegations of the complaint, left to the town tree-warden, who is charged with that duty, and who, according to the allegations of the complaint, has assumed the exclusive control of them. There is nothing in the ordinance or regulation which would prevent the tree-warden, or the owner of the tree in question, from removing the dead branch which overhung the sidewalk and constituted the nuisance complained of as causing the plaintiff's injury. The complaint does not specifically charge a duty upon the defendant to remove this limb, and it states no facts which raise such a duty. It therefore fails to state a cause of action, and the demurrer to it was properly sustained.

There is no error.

In this opinion the other judges concurred.