CHARLES BOUCHARD *vs*. CITY OF AUBURN.

Oxford.      Opinion, June 29, 1935.

440

*Albert Beliveau,* for plaintiff.
*Donald W. Webber,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

PATTANGALL, C. J.    Exceptions. Verdict ordered for defendant. Action brought to recover damages for injuries received by plaintiff from the falling of a limb of a tree overhanging a side-walk in defendant city. It was alleged that the injuries were received by negligence of defendant's employees who were removing the limb.

The defences set up were: that the employees were not negligent; that the plaintiff was guilty of contributory negligence; that the plaintiff failed to give required notice and that the employees were engaged in removing that which was a menace to the safety of the traveling public, a governmental function.

It is unnecessary to consider any but the last named defence. It is settled law in this state that when the employees of a municipal corporation are engaged in what may be called a governmental function, or public duty, the municipal corporation is not liable for their acts of negligence. *Brown* v. *Vinalhaven,* 65 Me., 402; *Woodcock* v. *Calais,* 66 Me., 234; *Burrill* v. *Augusta,* 78 Me., 118, 3 A., 177.

The evidence shows that the tree in question was partly within the limits of the highway and partly on private land. The limb was thirty-three feet long and overhung both the side-walk and street in a thickly settled portion of the city. Under these circumstances a rotten limb presented a danger which it was the duty of defend-

ant to remove. *Dyer* v. *Danbury*, 85 Conn., 128, 81 A., 958; *Valvoline Co.* v. *Winthrop*, 235 Mass., 515, 126 N. E., 895.

Municipalities are compelled to keep their streets safe and convenient for travel. Sec. 65, Chap. 27, R. S. 1930. They are not liable to a private action for negligence in the performance of corporate duties imposed upon them by the legislature unless such a liability has been imposed by statute. In *Keeley* v. *Portland*, 100 Me., 260, 61 A., 180, 183, it is pointed out that, "There are limitations to this rule or conditions to which it is not applicable, the most important perhaps of which is this: A municipal corporation lawfully owning and controlling property, not in the performance of a public duty enjoined upon it by law, but wholly or partially for its own profit or gain, is liable for negligence in the management of such property to the same extent as a business corporation or individual would be."

The instant case does not come within the exception. The general rule controls. The verdict was properly ordered.

*Exceptions overruled.*