[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 103)
CT Page 5275
The plaintiff, Timothy Gray, brings this two count complaint alleging a highway defect (count one) and a public nuisance (count two) against the defendant, the city of Norwalk, for injuries and damages to his person and property caused by a tree limb that fell upon his vehicle while traveling on a city roadway. Gray alleges that the limb, which extended over the roadway and was seriously weakened by decay or disease, crushed the roof of his vehicle and severely injured him. The city now moves for summary judgment on the ground that the overhanging limb did not constitute a highway defect or a public nuisance.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . [T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998)
Gray alleges in count one that the decayed and weakened tree limb rendered the roadway defective, as that term is generally defined and used pursuant to General Statutes § 13a-149. The city argues that the court has previously addressed this issue and concluded that an overhanging tree limb does not constitute a highway defect. The city therefore argues that it is not liable pursuant to § 13a-149 for Gray's losses and injuries.
General Statutes § 52-557n (a)(1)(C) addresses the liability of political subdivisions and their employees, officers and agents, and provides that "no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149." General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . ."
"A defect in a highway that would give rise to liability under . . . General Statutes § . . . 13a-149 has been generally defined as [a]ny object in, upon, or near the traveled path, CT Page 5276 which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result." (Internal quotation marks omitted.) Comba v. Ridgefield,177 Conn. 268, 278, 413 A.2d 859 (1979).
"For example, branches of a tree hanging over the road bed near the ground, necessarily obstruct the use of the way, and should be removed by the town. . . .
"On the other hand, those objects which have no necessary connection with the road bed, or the public travel thereon, and which may expose a person to danger, not as a traveler, but independent of the highway, do not ordinarily render the road defective. For example, trees . . . standing beside the road, and liable to fall by reason of age and decay, or from other cause; or any object suspended over the highway so high as to be entirely out of the way of travelers; these and like objects, may be more or less dangerous, but they do not obstruct travel. A person may be injured by them, but . . . the injury . . . seems to have been the result of accident, rather than of any breach of duty on the part of the city." Hewison v. City of New Haven,34 Conn. 136, 143 (1867). In Dyer v. Danbury, 85 Conn. 128, 130,81 A. 958 (1911), where the plaintiff alleged injury caused by a limb that fell from a dead tree, the court specifically held that an "overhanging limb did not constitute a defect in the highway. It did not obstruct travel thereon, and the city was not bound to remove it as part of its duty. . . . The complaint, therefore, does not state a cause of action under . . . the General Statutes, which provides that any person injured by a defective road or bridge may recover damages from the party bound to keep it in repair." See also Comba v. Ridgefield, supra,177 Conn. 270-72 (where the plaintiff alleged injury caused by a limb that fell from a rotted tree)
Here, as in Dyer and Comba, the court finds that the overhanging limb "did not obstruct, hinder or operate as a menace to travel. . . ." Comba v. Ridgefield, supra, 177 Conn. 271. Accordingly, the limb did not constitute a highway defect pursuant to § 13a-149.
Gray alleges in count two that the city is liable for his injuries and losses because the overhanging limb was a nuisance that created an unreasonable risk of harm to the general public. The city argues that municipal liability under a nuisance theory is possible only if the condition creating the nuisance resulted CT Page 5277 from the positive act of the municipality. The city thus argues that, because Gray did not allege that a positive act of the city caused the overhanging limb to fall upon his vehicle, count two of the complaint is insufficient as a matter of law.
Section 52-557n (a)(1)(C) of the General Statutes provides that a political subdivision of the state shall be liable for damages to person or property caused by "acts of the political subdivision which constitute the creation or participation in the creation of a nuisance. . . ." See also Elliott v. Waterbury,245 Conn. 385, 421, 715 A.2d 27 (1998) (stating that "[l]iability in nuisance can be imposed on a municipality only if the condition constituting the nuisance was created by the positive act of the municipality"). (Internal quotation marks omitted.) "[F]ailure to remedy a condition not of the municipality's own making is not the equivalent of the required positive act. . . ." (Internal quotation marks omitted.) Keeney v. Old Saybrook,237 Conn. 135, 164, 676 A.2d 795 (1996). Moreover, a city or town is not liable in damages for the nonperformance or misperformance of a governmental duty "unless a right of action against it is given by statute." Dyer v. Danbury, supra,85 Conn. 131.
In Dyer v. Danbury, supra, 85 Conn. 131, the court considered whether a tree limb extending over a roadway constitutes a public nuisance. "If the overhanging limb, by reason of its liability to fall upon the traveled part of the highway, constituted a nuisance, as alleged, it ought to have been removed. If it endangered travel upon the highway it was a public nuisance and the city could and should have caused its removal. But this duty of the city was a public governmental one, for the neglect of which no liability at common law ensued to the city, and no statute imposes any. . . . The complaint, therefore, states no cause of action arising from the city's failure to abate the nuisance."
Here, the overhanging limb did not obstruct travel and the city had no duty to remove it pursuant to § 13a-149. See Dyer v.Danbury, supra, 85 Conn. 130. Furthermore, Gray does not allege that the city had any other statutory duty to remove the limb. See id., 131. Gray's allegation that the city created a public nuisance by allowing the tree to exist in close proximity to and in conjunction with the roadway must also fail. Had Gray alleged that the city planted the tree, or pruned it in such a manner that the limb became decayed, diseased or weakened, a different outcome might result. However, Gray has made no such CT Page 5278 allegations, and failure to remedy a dangerous condition not of the municipality's own making is not the equivalent of the required positive act. See Keeney v. Town of Old Saybrook,
supra, 237 Conn. 164.
Accordingly, the court finds that the city is not liable on the ground of public nuisance for Gray's losses and damages.
For all of the foregoing reasons, the court grants the city's motion for summary judgment as a matter of law regarding counts one and two of the plaintiff's complaint.
SKOLNICK, J.