EDWARD RICCIO, ADMINISTRATOR, *vs.* THE TOWN OF
PLAINVILLE.

First Judicial District, Hartford, January Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and JENNINGS, Js.

A defect in a highway, within the meaning of §1414 of the General
Statutes, may in a general way be defined as any object in,
upon, or near the traveled path which would necessarily obstruct
or hinder one in the use of the road for the purpose of traveling
thereon, or which, from its nature and position, would be likely
to produce that result.

A complaint alleging that the plaintiff's intestate was injured when
the automobile in which she was a passenger ran into a tree
standing upon defendant's land adjacent to the highway and
protruding over the traveled portion of the road in such a
manner as to endanger the safety of the traveling public, must
be construed as stating a cause of action under §1414 for a
defective highway and was, therefore, demurrable for want of
an averment that the written notice of injury required by the
statute had been given to the defendant.

The plaintiff claimed that the complaint should be construed as one
to recover damages because of the "negligence on the part of
the defendant in creating and maintaining a nuisance." *Held*
that even though this construction were possible, it would avail
the plaintiff nothing, since the obligation of a municipality to
remove a public nuisance endangering travel upon a highway
is a public, governmental duty, for the neglect of which it is
not liable unless made so by statute.

Argued January 6th—decided April 11th, 1927.

ACTION to recover damages for the death of the
plaintiff's intestate, alleged to have been caused by a
defective highway, brought to the Superior Court in

Hartford County where the defendant's demurrer to the amended complaint was sustained *(Nickerson, J.)* and, upon the plaintiff's refusal to plead further, judgment was rendered for the defendant, from which the plaintiff appealed. *No error.*

*Edwin M. Ryan,* with whom, on the brief, was *Saul Berman,* for the appellant (plaintiff).

*Donald Gaffney,* with whom, on the brief, was *Bernard F. Gaffney,* for the appellee (defendant).

WHEELER, C. J. The complaint alleges that there was a tree standing on land belonging to the defendant, the town of Plainville, adjacent to the traveled portion of Pine Street, a public highway in this town, and near the northerly boundary of the highway, and that the tree protruded over the traveled portion of the highway in such a manner as to endanger the safety of the traveling public; that while plaintiff's decedent was a passenger in an automobile driven by one Peter Mennone along this highway, without negligence on his part, the automobile ran into and against this tree and as a result the plaintiff's decedent, Rose Mennone, sustained injuries from which she subsequently died.

The defendant demurred to the complaint on the ground, among others, because it is not alleged that prior to the institution of the action written notice, in accordance with §1414 of the General Statutes, was given defendant by plaintiff of an injury to his decedent by means of a defect in this road. If this action is one to recover damages for injury suffered by means of a defective highway, a failure to give the notice required to be given by this statute is fatal to the

maintenance of the action and the demurrer was properly sustained.

We give what we term an approximation to a definition of a defect in a highway, in *Hewison* v. *New Haven*, 34 Conn. 136, 142, in these words: "Any object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result, would generally constitute a defect in the highway." We gave illustrations of such a defect. "For example, branches of a tree hanging over the roadbed near the ground, necessarily obstruct the use of the way, and should be removed by the town." We also gave illustrations which do not ordinarily render the road defective. "For example, trees or walls of a building standing beside the road, and liable to fall by reason of age and decay, or from other cause." In the light of this definition interpreted by the illustrations given, the tree protruding into the traveled highway endangering the public travel might be a defect in the highway and at the same time a nuisance. The complaint must be construed as an action based upon a defective highway.

The plaintiff seeks to avoid this conclusion by construing the complaint as one to recover damages for injury suffered in consequence of the "negligence on the part of the defendant in creating and maintaining a nuisance." The defect complained of was a tree growing upon defendant's land in such proximity to the traveled portion of the highway that it protruded into the highway in such manner as to endanger the safety of the traveling public. The obligation of this defendant to maintain this highway was a governmental duty " 'not imposed by the common law, but is wholly a creature of the statute.' " *Bartram* v.

*Sharon*, 71 Conn. 686, 693, 43 Atl. 143; *Chidsey* v. *Canton*, 17 Conn. 475, 478. We have on many occasions reiterated this principle of governmental immunity; thus we said in *Udkin* v. *New Haven*, 80 Conn. 291, 296, 68 Atl. 253: "It is accepted law that the grant of authority to a municipal corporation, or acceptance by it of authority conferred, for the performance of strictly governmental duties, does not of itself create a liability for an omission to perform such duties, or for a negligent performance of them, and that the only liability in such cases is that which is declared by statute either expressly or by clear implication."

A municipality upon which is imposed a public governmental duty is not liable for the nonperformance or negligent performance of such duty. *Hewison* v. *New Haven*, 37 Conn. 475. We held in this case that a traveler upon a street, injured by iron weights, which had become detached from a flag suspended across the street, falling upon him, was not a defect in the street, and we say, at page 482: "If the effect of the charter and by-laws were such as to constitute the flag and weight a nuisance to a highway, it was a public nuisance, and the duty to remove it, whether imposed or assumed, was a public governmental duty. The protection of the citizen from public nuisances, whether endangering health or public travel, has ever been considered in the law, and in the legislation of this State, such a duty." In *Dyer* v. *Danbury*, 85 Conn. 128, 130, 81 Atl. 958, the complaint demurred to alleged that a dead tree stood within the limits of a street and a limb overhung the sidewalk and was either dislodged or became broken off and fell upon a traveler passing beneath, injuring him. We held: "The overhanging limb did not constitute a defect in the highway. . . . If the overhanging limb, by reason

of its liability to fall upon the traveled part of the highway, constituted a nuisance, as alleged, it ought to have been removed. If it endangered travel upon the highway it was a public nuisance and the city could and should have caused its removal. But this duty of the city was a public governmental one, for the neglect of which no liability at common law ensued to the city, and no statute imposes any. . . . The complaint, therefore, states no cause of action arising from the city's failure to abate the nuisance."

The complaint does not allege that the defendant was, in its ownership and use of the land upon which the tree is stated to have stood, acting without the scope of its governmental duty. Nor does it attempt to allege the resulting injury as caused by some direct or positive act on the part of the defendant not within the scope of its imposed governmental duty. In a case falling fairly within this principle, the municipality "becomes liable like any other wrongdoer for the resulting injury." *Rudnyai* v. *Harwinton*, 79 Conn. 91, 95, 63 Atl. 948. The complaint, construed in the light most favorable to the plaintiff, states a cause of action for a defective highway, and is bad for failure to allege the giving to defendant of the statutory notice If it were possible to construe the complaint as alleging a cause of action against the defendant in creating and maintaining a nuisance, the cause of action so alleged must fail for the reason that it would be predicated upon a breach of a governmental duty in the maintenance of a highway, for which no action will lie unless imposed by statute.

There is no error.

In this opinion the other judges concurred.