ADLEY EXPRESS COMPANY *v.* CITY OF NEW HAVEN
ET ALS.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 3, 1942—decided January 8, 1943.

*Louis Feinmark,* with whom was *Maynard M. Lund,* for the appellant (plaintiff).

*A. Frederick Mignone,* with whom were *Harold C. Donegan* and, on the brief, *Vincent P. Dooley,* for the appellee (named defendant).

BROWN, J. In this action to recover for damage done to the top of the plaintiff's motor truck by a collision with the under part of a railroad bridge over James Street in New Haven, the plaintiff claims it was entitled to recover against the defendant city on the ground of nuisance. These material facts are undisputed: On May 4, 1941, and for many years prior

thereto, the defendant city maintained within its limits a public highway known as James Street. During this period there was a railroad bridge over this street, owned, constructed and maintained by the New York, New Haven & Hartford Railroad Company. This bridge was erected about 1879, under order of the then railroad commissioners, upon petition of the defendant city asking that it be erected at a grade to leave a twelve-foot clearance above James Street as then existing. In 1919 James Street was paved with waterbound macadam, and in 1921 the defendant city caused a new surface of asphalt to be laid over the old pavement, involving the scarifying, leveling and bringing to grade of the old surface under the direct supervision of engineers of its department of public works. This resurfacing did not materially change the elevation of the street surface or materially decrease the bridge clearance as existing in 1919. On May 4, 1941, the minimum clearance under the bridge girder at the center line of James Street was ten feet and ten inches. No sign was maintained to indicate the clearance. No change has been made in the bridge or street level since the street was repaved in 1921. On May 4, 1941, the plaintiff's driver was operating its heavily loaded trailer truck, which was approximately ten feet and ten inches in height, in an easterly direction along James Street, and as it passed under the bridge its top collided with the middle girder causing about $500 damage for which recovery is sought in this action.

The positive act of claimed misconduct upon which the plaintiff relies is the action of the defendant's engineers in setting the grade in 1921. While it does not claim that any evidence was produced to show that there actually was a clearance of twelve feet when the bridge was built, or that the defendant reduced the clearance by changing the grade of the street prior

to 1921, the gist of the argument in its brief is this: The railroad commissioners' order required that a clearance of twelve feet be established in building the bridge; it is to be presumed that this order was obeyed (22 C. J. 108, note 85); the grade of the street at the time of the 1921 paving was set by the defendant's engineers; no change in the bridge or street level has been made since; the clearance on May 4, 1941, was but ten feet and ten inches; therefore the defendant reduced the clearance one foot and two inches by the act of its engineers in adopting the raised grade occasioned by various pavings of the street since 1879 in fixing the grade in 1921. Thus the proof of the disputed fact essential to establish this claim, that between 1879 and 1921 by various pavings the level of the street was raised one foot and two inches, reducing the clearance by so much, is made dependent upon the above presumption. It is undisputed that this bridge was built by the railroad pursuant to the order of the railroad commissioners. There is a presumption that public officers have done their duty until the contrary appears. *State ex rel. Fitzroy* v. *Trustees of Firemen's Relief Fund,* 122 Conn. 650, 657, 191 Atl. 729; *Bedard* v. *Cunneen,* 111 Conn. 338, 341, 149 Atl. 890. But even this presumption does not exist as to a private individual's compliance with the law. *Miles* v. *Sherman,* 116 Conn. 678, 682, 166 Atl. 250. The railroad, a private individual in the sense in which the term is used in this connection, was the party ordered by the commissioners to build this bridge, and accordingly there is no presumption that it complied with the provision for a twelve-foot clearance. As was remarked by this court in an earlier case: "It would be a credit to human nature if the law could raise a presumption of the performance of all private duty in the same manner that it presumes the performance of official

duty, but no such presumption at present exists." *New England Mfg. Co.* v. *Starin,* 60 Conn. 369, 373, 22 Atl. 953. The presumption claimed cannot avail the plaintiff here and the court's finding that no act of the city materially changed or decreased the clearance between the street surface and the bridge girder, which is amply warranted by the evidence, cannot be disturbed.

If the city did not decrease the space below the bridge, after it was erected, by changing the grade of the highway, the situation would be one where the only duty upon the city was to take steps to remove a nuisance created by another. Liability would be predicated upon a breach of a governmental duty in the maintenance of a highway, for which no action will lie unless imposed by statute. *Dyer* v. *Danbury,* 85 Conn. 128, 131, 81 Atl. 958; *Riccio* v. *Plainville,* 106 Conn. 61, 64, 136 Atl. 872; *Hoffman* v. *Bristol,* 113 Conn. 386, 391, 155 Atl. 499; *Bacon* v. *Rocky Hill,* 126 Conn. 402, 409, 11 Atl. (2d) 399.

There is no error.

In this opinion the other judges concurred.