THE AEROTEC CORPORATION *v.* TOWN OF GREENWICH

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 6—decided July 10, 1951

*Halford W. Park, Jr.,* for the appellant (defendant).

*Robert R. Rosan,* for the appellee (plaintiff).

INGLIS, J. This action was brought by a landowner to recover damages sustained when a public road upon which its property abutted caved in and threw debris onto his land.

Pemberwick Road is a public highway within the defendant town. It adjoins the plaintiff's property on the east. At the southerly end of the plaintiff's property, which is at the intersection of Pemberwick Road and Comly Avenue, the elevation of the road is the same as that of plaintiff's land, but as the road runs northerly its grade rises so that, at a point 300 feet north of Comly Avenue, it is about 10 feet above the plaintiff's property. This condition has existed since

prior to 1875. Also prior to 1875, the plaintiff's predecessor in title had erected on the property a two-story factory building, the easterly wall of which was almost on the westerly line of the road and helped to retain the road where it was elevated above the level of the property. In 1931 the factory building was demolished but the easterly wall up to the level of the road was left standing and a wire fence was erected upon the top thereof. The only other change in the locus which has occurred since 1875 is that at some time, it does not appear when, the road was widened about two feet and hard surfaced.

When originally laid out, Pemberwick Road was used for travel by pedestrians and horses and wagons. In recent years there has been a great increase in the loads placed upon it by travelers using trailer trucks, busses and other fast moving and heavy motor vehicles. The pressure of this traffic caused the breakdown of the cohesive and frictional resistance of the soil so that the remains of the wall of the old building no longer provided sufficient lateral support for the road. This fact would have appeared from a reasonably careful inspection by the agents of the town, but no such inspection was ever made. As a result of the conditions which developed, on April 13, 1950, a portion of the westerly side of the road collapsed and broke away, causing a large mass of earth and rock from the foundation of the road to break through the wall and fall on the plaintiff's property. The defendant having refused to make any repairs, the plaintiff at its own expense removed the debris and rebuilt the wall, and in this action it seeks to recover the reasonable cost of that work.

The complaint alleges: "Said damage was caused solely through the negligence of the Town of Greenwich, its officers and agents in failing to properly main-

tain said highway, in failing to reinforce and support same with a proper foundation and sufficient lateral support so that the same would not collapse and in maintaining said highway with inadequate lateral supports and reinforcements in view of the heavy traffic which normally passes over same." From this it is apparent that the complaint was intended to state a cause of action under § 2126 of the General Statutes for failure of the defendant to keep the highway in repair. This is confirmed by the fact that the complaint contained an allegation that notice of claim had been given as required by the statute. It is not alleged, either expressly or by intendment, that the defendant either created or maintained a condition which had a natural tendency to create danger and inflict injury. See *Fabrizi* v. *Golub*, 134 Conn. 89, 94, 55 A. 2d 625. The trial court concluded that the defendant was liable both because it had failed to repair a defect in the highway and because it had maintained a nuisance.

General Statutes, § 2126, imposes liability in the nature of a penalty upon a municipal corporation bound to keep a highway in repair for permitting defects in the highway. The statute, however, is designed to protect travelers only. One of the essential elements of liability under it is that the person claiming damages has been injured in connection with his use of the highway for travel. *Tirendi* v. *Waterbury*, 128 Conn. 464, 467, 23 A. 2d 919; *Frechette* v. *New Haven*, 104 Conn. 83, 88, 132 A. 467; *Seidel* v. *Woodbury*, 81 Conn. 65, 66, 70 A. 58; *Upton* v. *Windham*, 75 Conn. 288, 291, 53 A. 660; *Bartram* v. *Sharon*, 71 Conn. 686, 694, 43 A. 143. The statute provides no right of recovery to an abutting landowner for damage from a defective highway. *Salzman* v. *New Haven*, 81 Conn. 389, 393, 71 A. 500. The plaintiff in the present case, therefore, has no right of recovery under the statute.

Aside from the fact that nuisance was not pleaded, there are other reasons why the judgment on that theory was not warranted. It is, of course, true that, independently of § 2126, a municipality may be held liable for a nuisance existing in a highway. *Bacon* v. *Rocky Hill,* 126 Conn. 402, 407, 11 A. 2d 399; *Fabrizi* v. *Golub,* supra, 99. That liability exists not only as to travelers but also as to owners of real property whose property is damaged as a result of the existence of the nuisance. *Mootry* v. *Danbury,* 45 Conn. 550, 556; *Danbury & N. R. Co.* v. *Norwalk,* 37 Conn. 109, 119. Such liability exists, however, only for those nuisances which have been created by positive act. There is no liability where the condition of the highway which is dangerous has come into being simply because of the failure of the town to take remedial steps. *Jacen* v. *East Hartford,* 133 Conn. 243, 245, 50 A. 2d 61; *Karnasiewicz* v. *New Britain,* 131 Conn. 691, 694, 42 A. 2d 32; *Adley Express Co.* v. *New Haven,* 129 Conn. 560, 564, 29 A. 2d 841; *Riccio* v. *Plainville,* 106 Conn. 61, 64, 136 A. 872.

After the lapse of so many years it is to be presumed that, as against the plaintiff's predecessor in title, the town originally acquired the right in the original construction of the road to establish the grade thereof at the present level. *Blakeslee* v. *Tyler,* 55 Conn. 387, 395, 11 A. 291; *Munson* v. *MacDonald,* 113 Conn. 651, 657, 155 A. 910. This is true even though by so doing it had created a condition which endangered his property. *Fellowes* v. *New Haven,* 44 Conn. 240, 257. Moreover, it does not appear that, as the road was originally constructed, its elevation above the level of the adjacent land was dangerous. Apparently it was properly designed to carry the relatively light traffic which was reasonably to be contemplated at the time. Nor is it found that the widening and hard surfacing of the road created or increased any hazard. The condition be-

came dangerous only because of the increase in traffic and the disintegration of the cohesiveness of the soil which occurred as time went on. Neither the construction of the road nor any other positive act of the town created a nuisance. If the condition of the road constituted a nuisance at the time of the collapse, it had become such solely by reason of the neglect of the town to take steps to meet changing conditions. The town should not have been held liable on the theory of nuisance.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the defendant.

In this opinion the other judges concurred.