GEORGE A. ANDERSON ET AL. *v.* N. E. ARGRAVES,
HIGHWAY COMMISSIONER

SUPERIOR COURT          LITCHFIELD COUNTY          FILE No. 14792

HAROLD EMBOVITZ ET AL. *v.* N. E. ARGRAVES, HIGHWAY
COMMISSIONER

SUPERIOR COURT          LITCHFIELD COUNTY          FILE No. 14802

Memorandum filed October 8, 1956.

*Harry Cohen,* of New Milford, for the plaintiffs in both cases.

*Pullman, Comley, Bradley & Reeves,* of Bridgeport, for the defendant in both cases.

*John J. Bracken,* attorney general, and *Raymond J. Cannon,* assistant attorney general, both of Hartford, for the defendant in No. 14792 only.

ALCORN, J.  Identical demurrers are filed to identical complaints and the issues thus presented are the subject of this memorandum, which is equally applicable to each case.  The two actions will be discussed as though they were one.

The writ names the defendant Argraves "as Highway Commissioner of the State of Connecticut." The complaint alleges, in substance, that it was the defendant's duty to erect and maintain "safe and adequate roads and bridges, in order to avoid any injuries to person and property by reason of any neglect or default." The plaintiffs then claim that on a specified part of a trunk-line highway the defendant failed to use due care in maintaining and caring for the road and a bridge or culvert over the west branch of the Shepaug River; that these were "negligently constructed" with too narrow a passageway to carry off "a safe amount of water" of the stream; that the culvert and bridge had become, and was "negligently allowed by the defendant" to become, clogged with debris; and that the defendant had notice of these conditions.  Finally it is stated that "[a]s a result of said default and neglect" the spot in question became clogged in the rains of August 18 and 19, 1955, so as to form a dam impounding "millions of gallons of water" which, on the morning of August 19, 1955, burst loose and washed out a gap in the highway, allowing water, trees, rocks and debris to flow down the Shepaug River and onto plaintiffs' property, causing damage.  The complaint describes this flow of water and debris as "down the West Branch below such road and bridge in the main Shepaug River near Romford, and thence down the Shepaug River to New Preston and the Village of Washington Depot."

The demurrer, in substance, asserts that the action is, in effect, against the state, which is immune from liability except to the extent that actions are per-

mitted under § 2201 of the General Statutes (as amended, Cum. Sup. 1955, § 1193d) and that the plaintiffs are not within the purview of that statute since they were not travelers on the highway.

The plaintiffs concede that their property is not near the highway. They concede further that the action is, in effect, against the state and, further, that they are barred from bringing any action except such as the state has consented to. It is fundamental that the state may not be sued without its consent. *Scranton* v. *L. G. DeFelice & Son, Inc.*, 137 Conn. 580, 585; *Anselmo* v. *Cox*, 135 Conn. 78, 80; *Alston* v. *New Haven*, 134 Conn. 686, 690. The plaintiffs claim that such consent is to be found in §§ 2134 and 2194 of the General Statutes rather than in § 2201, although they do not abandon all claim under the last. Section 2134 authorizes the proper authorities to make or clear water courses or drains in private land so far as necessary for the draining of highways. Section 2194 empowers the highway commissioner to lay out, construct, maintain, grade and repair highways, and to enter private land to survey or examine the property for the location or relocation of highways or to determine highway boundary lines. Section 2201 (as amended, Cum. Sup. 1955, § 1193d) affords a right of recovery from the state through the highway commissioner for damages from defective highways and bridges similar to, and subject to the same limitations as, that given against municipalities under § 2126 (as amended, Cum. Sup. 1955, § 1180d). *State* v. *Aetna Casualty & Surety Co.*, 138 Conn. 363, 367; *Pape* v. *Cox*, 129 Conn. 256, 259; *Shirlock* v. *MacDonald*, 121 Conn. 611, 613; *Horton* v. *MacDonald*, 105 Conn. 356, 360.

"The construction and maintenance of highways is, by our common law, a governmental act, and for negligence in the performance of that act the municipality is not liable." *Scoville* v. *West Hartford*,

131 Conn. 239, 241. The plaintiffs' allegations that portions of the highway, bridge, or culvert here involved were "negligently constructed" or that they were "negligently allowed by the defendant" to become clogged demonstrate a failure to recognize the basic nature of the case they attempt to state. The basis of the recovery is not that the state has been negligent but rather that the injured person has acquired a right to recover damages for the breach of a statutory duty. *Shirlock* v. *MacDonald,* supra; *Gustafson* v. *Meriden,* 103 Conn. 598, 603. The development of this statutory right of recovery has been repeatedly discussed and the basis upon which it rests is too clearly defined to require restatement here. *Dunn* v. *MacDonald,* 110 Conn. 68; *Seidel* v. *Woodbury,* 81 Conn. 65; *Bartram* v. *Sharon,* 71 Conn. 686. "This liability is a limited one and not to be extended beyond the special purposes of protecting persons from injury while traveling on such highway." *Salzman* v. *New Haven,* 81 Conn. 389, 393. The principle is firmly established that notice to the state or municipality merely of underlying circumstances which, as a result of natural forces, may and do produce a defective condition does not impose liability under the statute. *Scoville* v. *West Hartford,* supra, 242; *Pape* v. *Cox,* supra. While not necessary to this decision, it is observed that the notice alleged here is of just such underlying circumstances.

The duty to construct and maintain highways necessarily includes the duty to provide for drainage from the roadbed, without becoming liable for the incidental and necessary damage to adjoining proprietors. *Downs* v. *Ansonia,* 73 Conn. 33, 37. Under the statute permitting drainage into or through private land there is no liability unless it appears that unnecessary damage was done or that the water was drained into a place prohibited by the statute. *Bronson* v. *Wallingford,* 54 Conn. 513, 521.

The drainage statute has no application where the defendant has not made or cleared any water course or place for draining water from the highway into or through plaintiffs' land. *Byrne* v. *Farmington,* 64 Conn. 367, 375.

The present complaint lacks any recital which could conceivably bring into play either of the sections of the statutes on which the plaintiffs chiefly rely. It is not alleged that the defendant has drained any water into, nor that he has opened or cleared any water course on, plaintiffs' land. Consequently, § 2134 of the General Statutes does not apply. *Downs* v. *Ansonia,* supra; *Byrne* v. *Farmington,* supra. The claim that § 2194 affords the plaintiffs any relief is equally untenable. That section, after conferring on the commissioner the powers summarized above, provides: "He shall use care so that no unnecessary damage shall result, and the state shall be liable to the owner of any property for any damage he may cause such owner." The complaint contains no allegation that the damage complained of was unnecessary. *Penn* v. *Cox,* 6 Conn. Sup. 485; *Salzman* v. *New Haven,* supra, 391; *Rudnyai* v. *Harwinton,* 79 Conn. 91, 96.

The real essence of the complaint is that an alleged defect in the highway magnified the effect of the natural forces of a storm so as to damage the plaintiffs' distant property. If the element of a defective highway is eliminated nothing is left of the plaintiffs' case but the storm. Incidentally, it is common knowledge that the storm complained of is the unprecedented calamity which devastated many sections of the state and other parts of New England, sparing neither highways, bridges nor private property. The only reasonable construction which can be given the complaint is that it attempts to state a statutory cause of action for a defective highway. This is emphasized by the fact that the complaint

.alleges the giving of the notice required by the statute as a prerequisite to suit. For the reasons stated .above, this cause of action exists for the plaintiffs only if it comes within the purview of § 2201 (now § 1193d). That statute, to repeat, imposes upon the .state highway commissioner the same duties so far .as the issues in this case are concerned as are imposed on municipalities under § 2126. *Hay* v. *Hill,* 137 Conn. 285, 288. It "provides no right of recovery to an abutting landowner for damages from a defective highway." *Aerotec Corporation* v. *Greenwich,* 138 Conn. 116, 119. Much less would it permit recovery to landowners like the plaintiffs, whose properties not only do not abut but are not even near the highway. "The statute . . . is designed to protect travelers only." Ibid. "A person must be on the highway for some legitimate purpose connected with travel thereon in order to obtain the protection of the statute." *Hay* v. *Hill,* supra, 289.

It necessarily follows that the plaintiffs' complaint fails to state a cause of action. *Salzman* v. *New Haven,* supra, 392; *Hewison* v. *New Haven,* 34 Conn. 136, 138, 143. The demurrers are sustained on all grounds.