[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action for personal injuries and property damage sustained in a one car accident when a car went out of control when it came into contact with a patch of ice on a city street. The allegations in the complaint are similar to those customarily contained in a negligence action, although there are also allegations of notice to the city. The defendant has moved for a summary judgment on the ground that the only basis for a recovery against a municipality is under the defective highway statute, section 13a-149 of the General Statutes, that there can be no recovery for negligence against a municipality, and that the plaintiffs have failed to preserve their one possible cause of action by failure to specifically allege section 13a-149 in the complaint as required by section 109A of the Connecticut Practice Book. A summary judgment may be granted under section 384 of the CT Page 675 Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. The test as to whether a summary judgment should be granted, namely that the moving party must be entitled to judgment as a matter of law, is resolved by applying to the established facts the same test as is used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364.
A review of the allegations in the complaint indicate that the plaintiff could be attempting to plead either a negligence action or a claim under the highway defect statute, section 13a-149 C.G.S. The general rule in Connecticut is that there is no municipal liability for the performance of governmental functions. Connecticut Law of Torts (2d Edition), section 91; Evon v. Andrews, 211 Conn. 501,505; Gauvin v. New Haven, 187 Conn. 180, 184. A municipal corporation performs a governmental function where it acts as an agent or representative of the State in carrying out its public purposes. Couture v. Board of Education, 6 Conn. App. 309, 312. The construction and maintenance of highways is a governmental function, and a municipality is not liable for negligence in the performance of that function. Scoville v. West Hartford, 131 Conn. 239,241; Riccio v. Plainville, 106 Conn. 61, 64. The only liability of a municipality for injuries sustained by travellers on a defective highway is under section 13a-149, which creates a cause of action based on breach of a statutory duty and not negligence. Lukas v. New Haven,184 Conn. 205, 212; Hillier v. East Hartford, 167 Conn. 100, 104. The liability imposed under section 13a-149 was one not known to the common law. Lukas v. New Haven, supra, 212; Porpora v. New Haven, 119 Conn. 476, 479. Thus to the extent that the complaint attempts to allege a cause of action based on negligence, it fails to contain a cause of action on which the plaintiffs can recover.
In response the plaintiffs claim that the defendant has not pleaded governmental immunity as a special defense. The issue of governmental immunity is a question of law. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170; Shore v. Stonington, 187 Conn. 147, 153. It has been held that governmental immunity can be decided on a motion to strike. Gordon v. Bridgeport Housing Authority, supra 170. Both a motion to strike and a motion for summary judgment can be used to test whether a plaintiff has a legally viable cause CT Page 676 of action, and it follows that the defendant can raise governmental immunity, as it has here, by a motion for summary judgment.
The defendant has not claimed that the complaint fails to state a cause of action based on section 13a-149, but merely claims that the plaintiffs have not properly asserted a claim under the statute because they have failed to refer to it specifically as required by section 109A of the Connecticut Practice Book. The complaint does have attached to it copies of the notices given the city which the statute requires. It has been held that the failure to plead the statutory provisions upon which party relies is directory and not mandatory, and failure to do so does not defeat a cause of action. Rowe v. Godou, 12 Conn. App. 538, 542, reversed on other grounds, 209 Conn. 273, 275; DeVita v. Esposito,13 Conn. App. 101, 103, 104. Since the complaint can be considered as pleading a cause of action under section 13a-149, even though it does not specifically refer to the statute, the defendant is not entitled to judgment as a matter of law. If the plaintiffs prove the facts alleged in the complaint the court would not be able to direct a verdict against them at the trial in a claim under the statute, even though a verdict would have to be directed for the defendant on a negligence claim. If the defendant had wanted the plaintiffs to separate out the negligence allegations it should have filed a request to revise at an early stage in the pleadings. See Rowe v. Godou, 209 Conn. at 279.
The motion for summary judgment is denied.
ROBERT A. FULLER, JUDGE