[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (No. 122 MOTION TO STRIKE)
Defendant moves to strike the first and second counts of the Revised Complaint, alleging each is legally insufficient.
Plaintiff alleges in her complaint that she tripped over a circular cement sign post and suffered injuries.
The defendant, City of New Haven, has moved to strike count one of the Revised Complaint, arguing that the count, labeled as nuisance, fails to allege facts supporting such a cause of action.
Paragraph two of the first count alleges:
 2. Among the statutory duties imposed upon, the defendant cities duty was to keep and maintain the sidewalks and streets within its territorial limits in a reasonably safe condition in accordance with Section 13a-149
of the Connecticut General Statutes. (sic)
This paragraph serves to make count one claim of a breach of statutory duty, i.e., a failure by the City to maintain a safe highway. "Any object in, or upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result, would generally constitute a defect in the highway." Riccio v. Plainville, 106 Conn. 61, 63 (1927).
The allegations in count one, when construed most favorably to the plaintiff, charge the City of New Haven with breach of the duty to maintain a safe street, which includes the sidewalk. "The duty of the municipality is to maintain its streets in a reasonably safe condition for travelers thereon; the care required obviously being greater over the sidewalk than over the traveled way." Frechette v. New Haven, 104 Conn. 83, 87 (1926).
The requirement that the dangerous condition arises from a positive act by the City, asserted as essential to a claim for nuisance in the City's memorandum in support of the motion to strike, is not essential to a claim under the Defective Highway CT Page 3557 Statute. See, e.g., Lukas v. New Haven, 184 Conn. 205, 207 (1981) (Essential elements of cause of action under Conn. General Statutes 13a-149 are: defect in highway, actual or constructive knowledge of defect by City, and proximate causation of injury by defect). Paragraphs 5, 7, 9 and 10 of count one, construed most favorably to the plaintiff, do allege the essential elements of a cause of action under Conn. General Statutes 13a-149, and paragraph 16 alleges compliance with the notice requirement of the statute.
The defendant City moves to strike count two on the ground that it fails to state a cause of action under Conn. General Statutes 13a-149. Count two is not a claim under 13a-149; rather, it is a statutory cause of action under Conn. General Statutes 52-557n, which codifies Section 13 of Public Act 86-338. In the plaintiff's complaint, the second count is specifically characterized as being brought under Conn. Public Act 86-338
(a)(1)(a).
Conn. General Statutes 52-557n reads in relevant part as follows:
 Sec. 52-557n. Liability of political subdivision and its employees, officers and agents. (a))1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.
Paragraph 9 of the second count alleges:
 In the alternative, the above injuries were caused by the defendant City of New Haven, its agents, servants and/or employees while acting in the performance of duties and within the scope of employment for the defendant City of New Haven in one or more of the following ways:
 a. In that the City knew or in the exercise of reasonable care should have known that placing of a cement sign post in close proximity of the sidewalk would constitute a hazard and danger to the public in general and in particular to the plaintiff, Mary Jane Gillotti.
 b. In that the city through its agents and/or servants failed to inspect the sidewalk in question in a reasonably periodic basis.
The exceptions under subsection (2) of the statute need not be specifically addressed in the complaint inasmuch as they may be asserted as special defenses. Borchetta v. Brown, 4 CSCR 723. (September 14, 1989, Cioffi, J.).
The allegations of the second count state a cause of action under the statute.
Accordingly, the Motion to Strike is denied as to both counts.
STUART M. SCHIMELMAN, Judge CT Page 3558