[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff brings this action in two counts, pursuant to Connecticut General Statutes 13a-144, against the state commissioner of transportation, alleging failure to maintain a public highway in a safe condition. In the first count, she sues as administratrix of the estate of her husband, Myron A. Gallup, claiming that he died in a one car accident on Interstate Route 91 as the result of the defendant's negligence. In the second count, she sues as an individual, claiming damages for loss of spousal consortium and mental anguish and distress. The defendant moves to dismiss both counts on various grounds. The court finds the issues for the plaintiff on the first count and for the defendant on the second count.
With respect to the first and second counts, the defendant argues that the statutory notice given by the plaintiff was inadequate as a matter of law. Specifically, he contends that notice fails to adequately describe the location where the accident occurred. The statute provides that the notice must contain "a general description . . . of the place of (the accident's) occurrence." In this case, the notice described the location as follows: CT Page 1437
 on highway Interstate 91, where Myron A. Gallup was traveling southbound, at or about Exit #34, near the Windsor/Hartford town line.
The next paragraph, which relates the alleged cause of the accident, augments that description by stating that it occurred as a result of the "median divider barrier of the highway normally of solid metal or solid concrete construction being replaced by sand barrels . . ., allowing Mr. Gallup's vehicle to cross into the northbound lane. . . ."
The purpose of the notice requirement is to give the state sufficient information so as to allow it to investigate and defend against the claim. Ordinarily, the question of the adequacy of notice is one for the jury, unless a purported notice "patently meets or fails to meet" the statutory requirement in the light of the statute's purpose. Morico v. Cox, 134 Conn. 218,223 (1947); Zotta v. Burns, 8 Conn. App. 169, 173 (1986).
In essence, the notice in this case advises the state that the accident occurred in the northbound lane of Interstate Route 91, at or about Exit #34, near the Windsor/Hartford town line, where the solid divider barrier had been replaced by sand barrels. This is far more precise than the notice in Moffett v. Burns, 18 Conn. App. 821 (1989); which the defendant cites in support of his position. In that case, the notice described the location only as "Route 109, New Milford, CT 05776." Here, the notice names the highway, the lane of travel, and specifies an exit ramp and a town line as reference points. It also identifies the point on the highway as the place where the solid median divider was replaced by sand barrels. On its face, the description appears sufficient to enable the defendant commissioner to investigate the incident and defend against the claim. The court cannot conclude, therefore, that as a matter of law the notice patently fails to meet the statutory standard. The issue is one for the jury to decide.
With respect to the second count, the defendant asserts three additional grounds for dismissal. First, the defendant contends that Connecticut General Statutes 13a-144 does not provide a remedy for anyone other than a highway traveler whose injuries are directly caused by a highway defect. Since plaintiff Gallup in her individual capacity does not claim that she was traveling on the highway or that her injuries were caused by the defect, the defendant argues that her claims are barred. This court agrees. The law on the point was clearly stated by the Supreme Court in Aerotec Corp. v. Greenwich, 138 Conn. 116 (1951); and Frechette v. New Haven, 104 Conn. 82 (1926). CT Page 1438
The defendant contends further that the notice to the state with respect to the plaintiff's claims as an individual was inadequate in that it did not set forth a general description of the plaintiff's injuries. This court agrees. Section 13a-144
provides that "notice of such injury and a general description of the same and of the cause thereof" be given to the state. The plaintiff's notice in paragraphs 5 and 6 states that the "Injuries" were "Myron A. Gallup was killed" and that the "cause" was the replacement of the solid divider barrier with sand barrels. In her complaint, however, the plaintiff claims that her injuries were loss of consortium and "severe mental anguish and distress of mind." She further claims that these injuries were caused by the death of her husband in the accident. The statutory notice contains no statement whatsoever of these claims and is, therefore, inadequate as a matter of law.
For all of the above reasons, the defendant's motion to dismiss the first count is denied and the motion to dismiss the second count is granted.
MALONEY, J.