[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This is an action in six counts seeking damages and other relief from the town of West Hartford and its mayor, Sandy Klebanoff, for loss of value and access to their properties as a result of change of grade of a municipal highway and defective roads and bridges. Plaintiffs also allege that a taking of property occurred without just compensation, in violation of the United States Constitution and the Constitution of the State of Connecticut.
Specifically, plaintiffs allege in counts one and two respectively of the Revised Complaint dated February 22, 1991 that the defendants were responsible for reconstruction of Trout Brook Drive, that such reconstruction caused a change in the grade and resulting injury to properties located at 716 and 722 Trout Brook Drive, owned by plaintiffs; that the damage left a dangerous and defective condition on plaintiffs' properties due to erosion and falling retaining walls, restricted access to CT Page 5383 the properties, and caused a general deterioration of the residential area resulting in loss of value of plaintiffs' properties. Plaintiffs claim that defendants are liable to them for damages pursuant to Conn. Gen. Stat.13a-149 and 13a-150.
In counts three and four, plaintiffs further allege that as a result of all of the damage complained of in counts one and two, the defendant town of West Hartford is statutorily liable for damages pursuant to Conn. Gen. Stat. 13a-82.
In counts five and six (mistakenly numbered six and seven in the Revised Complaint), the plaintiffs allege a taking of property without just compensation in that, in addition to the damage complained of in counts one and two, the defendants eliminated all on-street parking near the plaintiffs' properties, and moved the sidewalks onto their properties.
Defendants have moved to strike plaintiffs' entire complaint citing failure to state a cause of action in each of the six counts. Defendants also argue that defendant, Sandy Klebanoff, as mayor, has been improperly joined in this action.
The purpose of a motion to strike is to contest the legal sufficiency of any complaint to state a claim for which relief can be granted. Conn. Practice Book Sec. 152; Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). The court must view the facts in the complaint in a light most favorable to the plaintiff. Blancato v. Feldspar, 203 Conn. 34,36 (1987).
"The sole inquiry at this stage of the pleadings is whether the plaintiff's allegations if proved state a cause of action." Babych v. McRae, 41 Conn. Sup. 280, 282 (1989).
 I
Defendants argue in support of their motion to strike as to counts one and two, that the plaintiffs fail to allege any defect under Conn. Gen. Stat. 13a-149, known as the "defective highway" statute; that the plaintiffs fail to allege that a defect in the highway was the sole proximate cause of the injury; and that the plaintiffs fail to allege that at the time of the injury, they were exercising due care. Defendants further argue that plaintiffs' remedy for property damage resulting from a change in grade in the highway is Conn. Gen. Stat. 13a-82 not 13a-149.
 [Conn. Gen. Stat. 13a-149] is a statute creating a liability for an injury to the person or property by means of any defect . . . in the highway. This liability is a limited one and not to be extended beyond the special purposes from protecting persons from injury while CT Page 5384 traveling on such highway.
Salzman v. New Haven, 81 Conn. 389, 393 (1908). "The statute . . . is designed to protect travelers only. One of the essential elements of liability under it is that the person claiming damages has been injured in connection with his use of the highway for travel." Aerotec Corporation v. Greenwich, 138 Conn. 116, 119 (1963) (citations omitted). "The statute provides no right of recovery to an abutting landowner from damages from a defective highway." Id. at 119.
It is clear that plaintiffs, as owners of properties adjacent to the highway, have failed to allege sufficient facts to entitle them to relief pursuant to Conn. Gen. Stat. 13a-149, and therefore, the defendants' motion to strike counts one and two is granted.
 II
Defendants claim with respect to counts three and four of the revised complaint, although the defendants may be liable to the plaintiffs for damages pursuant to Conn. Gen. Stat. 13a-82, as a result in the change of grade, the plaintiffs have nevertheless failed to plead their cause of action properly. Under Conn. Gen. Stat. 13a-84, procedures are set forth which the town must follow if the town and the property owners are unable to agree as to the amount of damages sustained by or benefits accrued to the the property owners. Plaintiffs must allege that the town refused or failed to take steps necessary to comply with the status.
Conn. Gen. Stat. 13a-82 provides:
 When the owner of land adjoining a highway, . . . sustains special damage or receives special benefits to his property by reason of any change in the grade of such highway, or by reason of excavations in such highway, made in the process of repairing the same by the town, . . . such town shall be liable to pay to such owner the amount of such special damage and shall be entitled to receive from him the amount or value of such special benefits, to be ascertained in the manner provided for ascertaining damages and benefits occasioned by laying out or altering highways.
Conn. Gen. Stat. 13a-84 provides:
 If the selectmen of any town and any person interested in the layout, opening grading or alteration of any highway or private way therein cannot agree as to the damages sustained by, or the benefits CT Page 5385 accruing to, such person thereby, the selectmen shall apply to any judge of the superior court who, having caused reasonable notice to be given to the parties interested, shall appoint a committee of three disinterested electors to estimate and access each person injured or benefited the damages sustained by or the benefits accruing to him by such layout, opening, grading, or alteration of such way . . . .
Where a town fails or refuses to ascertain such damages and benefits, any person entitled to damages may bring an action against a town. McGowan v. Milford, 104 Conn. 452, 453 (1926), but such failure is a necessary allegation in a court action.
 "A person whose land is thus damaged or in any way injured by the layout, alteration or change in the grade of any highway, has no standing to bring any ordinary action to recover for such injury or damage, until the selectmen have refused to make application to a judge of the Superior Court, pursuant to the statute, or have neglected to apply for so long a time that their neglect is equivalent to such a refusal.
Sinson v. Stonington, 73 Conn. 348, 351 (1900) (citations omitted.)
Therefore, plaintiffs' pleadings are legally insufficient in that they have failed to allege any refusal or neglect on the part of the town regarding the ascertainment of damages, and defendants' motion to strike counts three and four is granted.
 III
Defendants claim that counts five and six, alleging a taking of property, should be stricken, in that a change in grade of a highway does not amount to a taking; and any claim for damages resulting from reconstruction, as in the moving of the sidewalk, must be made under Conn. Gen. Stat. 13a-82 since all damages are a result of the change in grade.
 [T]he sum which the defendant may be liable to pay for damages sustained by an owner of adjoining land by reason of a change of grade in the highway, does not represent compensation for the "taking of property," within the meaning of the CT Page 5386 Constitution. In such cases the "taking" occurs when the land within the highway is condemned for that public use. Compensation must then be made; and such compensation at the time the Constitution was adopted, included by force of a legal presumption, all future consequential injury to property rights of the owners of adjoining land, caused by the lawful acts of the public in adapting the land taken to the purposes of a highway. A change in the grade of a highway is such lawful act, and does not necessarily cause a legal damage to the property of adjoining owners; and even when legal damage may result, such damage is not compensation for "property taken."
Gilpin v. Ansonia, 68 Conn. 72, 79-80 (1896). "There is . . . no confiscation of property or taking in the constitutional sense unless the property cannot be utilized for any reasonable and proper purpose . . . ." Laurel, Inc. v. State, 169 Conn. 195, 201 (1975.) "The damages recoverable for a change of grade in a highway include such as may result from any change in that of the sidewalks." McGar, Admx. v. Bristol, 71 Conn. 652,654-55 (1899).
Since plaintiffs' remedy to recover for any damage to their property, including loss resulting from sidewalk reconstruction should be sought under Conn. Gen. Stat. 13a-82, covering damages resulting from a change of grade in a highway, and it does not appear that plaintiffs have alleged sufficient facts which would rise to the level of a taking in the constitutional sense, defendants motion to strike counts five and six is granted.
Since all six counts have been stricken, it is necessary to address defendants' claim that Sandy Klebanoff, as mayor, was an improper party to this action.
Motion to strike all six counts granted.
WAGNER, J.