[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #109
On November 6, 1991, the plaintiffs, Bernard and Edna Kost, filed an amended complaint in which they allege that they are the owners and possessors of land in Litchfield, Connecticut. The plaintiffs claim that the defendant, the Town of Litchfield, is authorized to make highway repairs and has constructed and been responsible for maintaining a highway drainage pipe and ditch on a road immediately south of the plaintiff's property. The plaintiffs further allege that prior to 1984, the surface water drainage from the aforementioned drainage pipe flowed across the plaintiffs' property, causing a substantial increase in the volume of surface water entering thereon. This discharge continues presently.
The plaintiffs claim, inter alia, that the defendant has violated General Statutes 13a-138 by failing to discharge its highway surface drainage in a manner least damaging to the plaintiffs' land. The plaintiffs allege that the defendant failed to channel the surface water drainage away from the plaintiffs' property, despite the feasibility of such action, and that the defendant caused large quantities of surface water to drain across the plaintiffs' property, resulting, in the creation of gullies in and erosion to the plaintiffs' land and has rendered their property unsuitable for an underground septic system and for building upon. The plaintiffs contend that the defendant has failed to restore the drainage conditions existing prior to 1984, which provided for disposal of surface water in manner least damaging to the plaintiffs' land, despite the act that such restoration is reasonable and feasible.
On November 14, 1991, the defendant filed a motion to strike the complaint on the grounds that it fails to allege that the town, by some positive act, drained any water into or opened any water course on the CT Page 10486 plaintiffs' land, and that it fails to lee that the damage complained of was unnecessary.
The motion to strike provided for in Practice Book 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded" Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). Furthermore, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
In its memorandum in support of its motion to strike, the defendant claims that the plaintiffs have not alleged that the defendant drained water onto the plaintiffs'' land or that any alleged damage was unnecessary. The defendants further claim that the plaintiffs' have failed to allege any facts in support of such claims. Consequently, the defendant states, the complaint should be stricken. The plaintiffs in their memorandum in opposition to the motion to strike, claim that the complaint does state an adequate cause of action pursuant to General Statutes 13a138.
General Statutes 13a-138 provides that:
 (a) Persons authorized to construct or to repair highways may make or clear any watercourse or place for draining off the water therefrom into or through any person's land so far as necessary to drain to drain off such water and, when It is necessary to make any drain upon or through any person's land or the purpose named in this section, it done in such way as to do the least damage to such land.
 (b) Nothing in this section shall be as construed as to allow the drainage of water from such highways into, upon, through or under the yard of any dwelling house, or into or upon yards and enclosures used exclusively for the storage and sale of goods and merchandise.
Id.
This section is, essentially, identical. to General Statutes 2134 (Revised, 1949). In accordance with General Statutes 13a-138, the town must drain water in a manner resulting in the least amount of damage to the plaintiffs' land. Corentin v. Columbia, 29 Conn. Sup. 499, 501,294 A.2d 80 , Wright, J.). The plaintiffs must allege that the defendant drained water onto the plaintiffs' land and that the resulting damage complained of was unnecessary. Anderson v. Argraves, 20 Conn. Sup. 138,142, 127 A.2d 620 (1954, Alcorn, J.) (aff'd, 146 Conn. 316,150 A.2d 295 (1959) (discussing General Statutes 2134 (1949))).
In paragraph seven of their amended complaint, the plaintiffs have alleged that the defendant failed to discharge its highway surface drainage CT Page 10487 in a manner least damaging to the plaintiffs'' land. Indeed, the plaintiffs go on to list specific ways by which the defendant failed to comply with General Statutes 13a-138. The plaintiffs have also alleged in paragraph seven that the drainage onto their land is unnecessary in that alternative means, specifically, those employed prior to the 1984-1985 alteration, exist. consequently, the plaintiffs complaint is legally sufficient, and the motion to strike is denied.
PICKETT, J.